UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASHMIER FIELDS                                    :
                                                   :
v.                                                 :          C.A. No. 21-347-WES
                                                   :
CENTRAL FALLS POLICE DEP'T, et. al.    :


## REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On August 25, 2021, Plaintiff filed a pro se Complaint accompanied by an Application to

Proceed Without Prepayment of Fees including the $402.00 per case filing fee.   (ECF Nos. 1, 2).

Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for

determination.   28 U.S.C. § 636; LR Cv 72.   Based on my review of the in forma pauperis ("IFP")

Application and the prisoner trust fund account statement, I conclude that Plaintiff has satisfied

the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the complaint survives screening, I will

grant the Application and calculate the initial filing fee that must be paid before the case may

proceed.   However, because of the IFP Application, this case is subject to preliminary screening

under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Complaint sua sponte

and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be

granted" or "seeks monetary relief against a defendant who is immune from such relief."   For the

reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is

"frivolous," and "fails to state a claim on which relief may be granted."   See 28 U.S.C. §

1915(e)(2)(B).

**Facts**

Plaintiff Cashmier Fields is a prisoner housed at the Rhode Island Adult Correctional Institutions ("ACI").   He alleges that Defendants, the Central Falls Police Department and three Police Officers, all violated his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.   He seeks relief pursuant to 42 U.S.C. § 1983.   Plaintiff specifically alleges that on December 20, 2020, he and another individual were racially profiled and stopped while in a car driving from Pawtucket to Central Falls, Rhode Island. ECF No. 1 at p. 12.   He states that the officer who stopped the car extended "the traffic stop beyond the scope of the traffic violation" and he notes that he possesses a valid medical marijuana card for treatment of "nerve damage."   Id. at p. 13.

In the "Relief" section of the Complaint, Plaintiff states that he would like the court to "issue a declaratory judgment stating that the illegal traffic stop conducted by [Defendants] violated Plaintiff's rights…"   Id. at p. 5.   He also seeks compensatory and punitive damages.   Id. at pp. 5, 12-14.

A review of the state court criminal docket for Plaintiff's underlying criminal case indicates that the matter was pending when this Complaint was filed, but Plaintiff subsequently pled nolo contendere in that state court proceeding to two firearm possession charges and he was sentenced on November 4, 2021 to serve a 78 month sentence.   See State v. Fields, Case P2-2021-1516AG (Providence County Superior Court).   According to the public docket, no appeal has been filed.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.   28 U.S.C. § 1915(e)(2)(B).   The standard for dismissal of an action

filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).   See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).   In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."   Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).   Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."   28 U.S.C. § 1915(e)(2)(B)(i).   A claim "is frivolous where it lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).   In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976).   In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.   See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).   However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.

Plaintiff is effectively asking this Court to conduct an independent review of the legality of his arrest and the resulting criminal proceedings in Rhode Island's state court system.   He is seeking to challenge the legality of a traffic stop that apparently resulted in the seizure of a firearm, his arrest, and his subsequent state court conviction for illegally possessing the firearm.   The Court, however, must abstain from hearing such challenges, based on the doctrine established in Younger v. Harris, 401 U.S. 37 (1971), which reflects a "longstanding public policy against federal court interference with state court proceedings." Id. at 43.   The First Circuit has held that Younger

-3-

applies "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."   Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007). When these elements are met, Younger applies and bars the federal court from hearing a case.

In the present case, the first factor of the test is met.   For purposes of Younger, the status of his state court criminal prosecution is measured at the time the instant Complaint was filed. Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (whether the state court proceeding is ongoing "must be assessed as of the date when the federal complaint is filed."). Additionally, Plaintiff does not appear to pursue any appeal in the state criminal proceedings.   Kyricopoulos v. Town of Orleans, 967 F.2d 14, 15 n.1 (1st Cir. 1992) ("Younger abstention applies to the situation where, as here, state appellate remedies had yet to be exhausted when the § 1983 action was filed."). The second factor, whether there is an important state interest, is clearly met as Rhode Island has a vital interest in prosecuting felony criminal cases.   Finally, Plaintiff had an adequate opportunity to raise and resolve the validity of the traffic stop, search and arrest in state court.   Based on Younger, Plaintiff's Complaint must be dismissed on abstention grounds.

However, even assuming, for argument's sake, that Plaintiff filed this Complaint after he entered the plea of nolo contendere, his damages claims under section 1983 would still run afoul of the rule announced in Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Heck holds that,  "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

-4-

expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.   Because Plaintiff's conviction has not been reversed, expunged or declared invalid, he would still not be entitled to seek damages under § 1983 even if he sought to pursue his claims after the entry of his nolo plea.   See also Cabot v. Lewis, 241 F. Supp. 3d 239, 250 (D. Mass. 2017) (noting that "[m]any courts have held that the Heck rule applies to a plea of nolo contendere."). Because his Complaint lacks any arguable basis in law and fails to state a claim upon which relief can be granted, I recommend his Complaint be DISMISSED with prejudice.

### Conclusion

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is DENIED as MOOT.   Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.   See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


    /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 8, 2021